## In re LOOSCHEN PIANO CASE CO.

### (District Court, D. New Jersey.   October 18, 1919.)

1. BANKRUPTCY ☞224—OBJECTIONS TO JURISDICTION NOT WAIVED.

    Where a corporate trustee in bankruptcy petitioned to extend the trusteeship to an allied corporation, and such corporation, after objecting to the referee's jurisdiction, answered to the merits, *held*, in proceedings to review order of referee granting petition, which was the first order made, that the objection to jurisdiction was not waived.

2. BANKRUPTCY ☞224, 288(1)—JURISDICTION OF REFEREE IN PROCEEDINGS BY TRUSTEE.

    Where a trustee in bankruptcy applies for an order requiring third persons to turn over property in their possession, and bases his application upon the ground that the property in question belongs to bankrupt and is held without color of right, the referee is bound to take jurisdiction of the matter, and under that power to summarily determine the question, for the bankruptcy court is clothed with power to cause estate of bankrupt to be collected and determine controversies in relation thereto, and, unless the claim of the trustee seems of doubtful validity, plenary suit will not be required.

3. BANKRUPTCY ☞224—SUFFICIENCY OF PETITION OF TRUSTEE TO COMPEL DELIVERY OF PROPERTY.

    The petition of a trustee in bankruptcy of a corporation to extend the trusteeship to another corporation and to compel the delivery of property as property of the bankrupt *held* to require the referee to entertain the summary proceeding.

4. BANKRUPTCY ☞140(½)—JURISDICTION OVER CORPORATIONS, PART OF ONE BUSINESS.

    Where an individual engaged in manufacturing piano cases organized two corporations, transferring to one the business and to the other the real property and managed the two corporations, not as distinct and separate entities, but as a part of the manufacturing business, *held* that, on bankruptcy of the manufacturing corporation, the trustee in bankruptcy is entitled to a summary order extending the trusteeship to the assets of the other corporation.

In Bankruptcy.   In the matter of the Looschen Piano Case Company, bankrupt.   On petition to extend trusteeship to the Looschen Land & Building Company.   Order of referee extending the trusteeship affirmed.

See, also, 259 Fed. 931.

Horton & Tilt, of Paterson, N. J., and George D. Hendrickson, of Jersey City, N. J., for trustee.

William B. Gourley, of Paterson, N. J., for respondents.

DAVIS, District Judge.   For some time previous to 1901 Jared J. Looschen had been engaged in the manufacture of piano cases at Paterson, N. J.   In June of that year he caused to be incorporated the Looschen Land & Building Company, and conveyed to it the real estate used in the manufacture of said cases, and at that time or later he conveyed other property to it.   He took the stock issued by said company in payment for the said property, except qualifying shares held by other directors.   On February 13, 1903, he caused to be incorporated the Looschen Piano Case Company and conveyed to it the machin-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ery, equipment, and "all the property he then owned, together with the good will of his business." He continued the business of manufacturing piano cases through these corporations until March 1, 1917, on which date an involuntary petition in bankruptcy was filed against the Looschen Piano Case Company. On the same day, upon its written consent, filed with the petition· or shortly thereafter, the company was adjudicated a bankrupt, and on April 11, 1917, Thomas H. Milson was appointed trustee of the bankrupt estate. On petition of the trustee, filed May 1, 1917, an order was made by the referee on April 12, 1918, extending the trusteeship in bankruptcy to the Looschen Land & Building Company, and directing the said land company to turn over and deliver to the said Thomas H. Milson, trustee as aforesaid, "the entire assets and property belonging to the said Looschen Land & Building Company, together with all books of account, muniments of title, all capital stock and certificates thereof, and to execute any and all documents or instruments which may be necessary to vest the title to the property of said Looschen Land & Building Company in the said Thomas H. Milson, trustee as aforesaid." That order is before this court for review.

On the return day of the rule to show cause why the trusteeship of Thomas H. Milson should not be extended to the land company, the "land company and its stockholders appeared specially and objected to the power and jurisdiction of the referee to consider the matters raised on the motion," or on the petition and rule to show cause, and filed an application to dismiss the petition and order to show cause. Testimony was taken and the referee denied the application, but the land company took no action regarding the order of the referee, in which he held that he had jurisdiction and refused to dismiss. The land company, upon being granted further time for such purpose, filed its answer, in which it answered the petition on the merits of the case and renewed its objection to the jurisdiction of the court.

The petitioner maintains that the referee did not have jurisdiction to hear and determine the matter adjudicated in said order, because the ·property held by the land company belongs to it, and none of it was ever owned by the piano company or conveyed by it to the land company. Therefore it maintains that there should have been a plenary suit to determine the ownership of property belonging to the land company in accordance with the provisions of section 23 of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 552 (Comp. St. § 9607).

[1] The trustee contends that, since the petitioner took no steps to have the order in the jurisdictional question reviewed within 10 days, in accordance with the rules of this court, it has become final and is conclusive against it. He further contends that the petitioner could not subsequently review its objection to the jurisdiction by joining it with the defense upon the merits of the case in the answer. In re Kornit Mfg. Co. (D. C.) 192 Fed. 392, 395. But the land company "having at the outset unequivocally objected to the referee's jurisdiction, and never having expressly waived it, and the order under review being the first made by the referee determining the ownership of said accounts, the jurisdictional question is still alive." When the answer

to the merits is not interposed until after the objection to the jurisdiction is overruled, pleading to the merits is not a waiver of the objections. In re Gottlieb & Co. (D. C.) 245 Fed. 139, 145, and the cases there cited. The case will therefore be considered on its merits.

[2, 3] In cases in which third parties hold property which the trustee believes belongs to the bankrupt and is a part of his estate in bankruptcy, great care should be exercised, for it is a serious matter to adjudge by summary process that the property claimed by one person belongs to the estate in bankruptcy of another, and therefore must be surrendered to his trustee. At the same time it should be borne in mind that the interest of creditors must not be sacrificed by long and useless litigation. The bankruptcy court is clothed with power "to cause the estate of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto." Power is also given to third parties, under certain conditions, to have their title to property litigated in a plenary suit; but the right to resort to such procedure does not preclude litigation of the rights of parties by summary proceedings in bankruptcy courts as distinguished from controversies by plenary suits, where the trustee applies for an order requiring third parties to turn over property in their possession, and bases his application upon the ground that the property in question belongs to the bankrupt and is held without color of right. If such application is made, the referee is bound to make the inquiry, and this inquiry requires a decision upon the merits. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. If the referee decides that the application is made in good faith, and the applicant has color of title, though it may be of doubtful validity, there should be a plenary suit to try the question. If the referee decides that the claim to the property by third parties is not made in good faith and is without actual merit or legal foundation, the referee should regard the property as subject to the jurisdiction of the bankruptcy court, as property of the bankrupt, and should order it in summary proceedings to be surrendered to the court or trustee. In re Holbrook Shoe & Leather Co. (D. C.) 165 Fed. 973, 976.

In his petition to have the property of the land company turned over to him, the trustee alleged that, in addition to the assets of the bankrupt company of which he had taken possession, "there are certain other assets consisting of the assets and property owned by the Looschen Land & Building Company, which are in fact the assets of the bankrupt herein, and the possession whereof your petitioner is entitled to." The trustee alleged facts and presented affidavits which he claimed showed the above allegation, as to the real ownership of the property held by the land company, to be true, and that the land company held the same without color of right, and concluded by alleging:

"Wherefore your petitioner shows and charges the fact to be that all the property, assets, and effects of the Looschen Land & Building Company, and used by it in its business, is the property of the Looschen Piano Case Company, and that as trustee of said estate he is entitled to the possession thereof."

Under such allegations, it was the duty of the referee to make inquiry into the facts, and, if he found the allegations to be true, to make an order as prayed for. In re Holbrook Shoe & Leather Co., supra; Mueller v. Nugent, supra.

[4] The referee in his memorandum found, and the evidence seems to support his findings, that Jared J. Looschen was the owner of the majority of the stock and president of both corporations, "the other stockholders holding merely qualifying shares"; that the land company kept no books whatever; that the books of the piano company contained accounts of the land company; that whenever the piano company, which conducted the real business in which Jared J. Looschen was engaged, needed money, he would execute a note in the name of the piano company and indorse it in the name of the land company and negotiate it; that sometimes the notes of the piano company were indorsed by third parties, who were secured by a mortgage on the real estate of the land company, which Jared J. Looschen had previously turned over to it; that all the stockholders and directors of the companies are members of the Looschen family, and all of them live in one home; that the Looschen Piano Case Company used the assets of the Looschen Land & Building Company, in order to give it a double line of credit; that the Looschen Land & Building Company was subsidiary to, and the mere agent of, the case company, the corporation under which Jared J. Looschen conducted his active business, and that Jared J. Looschen organized these two corporations for such purpose, and is in fact the owner of all of the stock of both corporations. "I cannot give," said he, "any credit to his claim that other members of his family own stock in these two corporations. Such stock as they do hold was given by Jared J. Looschen to them, and such stock would be burdened with the same liability as the stock still standing in the name of Jared J. Looschen, and the handling of his business and the transferring of his stock is evidently a fraud upon many of the creditors of the Looschen Piano Company"; that the claim of title to the property in possession of the land company was not made in good faith.

The referee has found that these two corporations were not separate and distinct legal entities, but the land company was subsidiary to and the mere agent of the piano company. That the two corporations were not maintained and operated as separate and distinct legal entities the referee was justified in finding. The dominating personality back of these two corporations was Jared J. Looschen. Originally he owned all the property conveyed to them and managed it. Apparently he continued that management, without regard to the other directors, and with the same feeling of ownership that he had before the incorporation of the companies and the conveyance of the respective properties to them. These two corporations were the right and left hand, as it were, of Jared J. Looschen. The transactions of these companies with each other was the dealing of the left hand with the right of the same person. The operations of these two companies was nothing more than Jared J. Looschen, expressing or manifesting himself through this or that legal entity, and mostly through the piano com-

pany, for it was through this company that he conducted his active business, to which the business of the land company was subsidiary. In principle the business of these two companies was not unlike that mentioned in the case of In re Rieger, Kapner & Altmark (D. C.) 157 Fed. 609, 613, of which Judge Sater said:

"This is as unusual as it would be for a natural person, doing business in his correct name, to designate himself, or contract with himself, as his own agent regarding another branch of his business conducted by himself under a fictitious name, and to hold himself out to the public as two distinct persons. That he should so represent himself and keep for his two kinds of business separate books and separate bank accounts might give him a double line of credit, and might hinder and delay his creditors in reaching his assets in case of insolvency; but a court of equity, having knowledge of the fact, would have no difficulty in brushing aside the subterfuge, and subjecting the whole of his property to the payment of his debts."

The law will regard two corporations as separate and distinct entities, when they are so regarded and so treated in their operation by their directors or management. The referee has found that the two corporations in question were not so regarded and treated, and if he has correctly found the facts, his order extending the receivership to the land company was legally justified. The referee had the benefit of seeing the witnesses and hearing them testify. He was in position to weigh their testimony and pass upon their credibility. I accept the facts as he found them, and I am of the opinion that his conclusions were justified by the evidence.

His order will therefore be affirmed, and the petition dismissed.